# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 11-8012

| David Stebbins | ) |   |
|---|---|---|
|     Appellant | ) |   |
|   | ) |   |
| v. | ) | **On Appeal from the United States** |
|   | ) | **District Court for the Western** |
| University of Arkansas and | ) | **District of Arkansas** |
| Dave Gearhart, in his official capacity as | ) |   |
| Chancellor of the University of Arkansas | ) |   |
|     Appellees | ) |   |
|   | ) |   |

PETITION FOR LEAVE TO APPEAL

Comes now Appellant David Stebbins, who respectfully submits the following petition for leave to appeal a District Court order denying confirmation of an arbitration award.

1. In compliance with FRAP Rule 5(b)(1)(A), I hereby submit the following chronologically accurate summary of the District Court proceedings (excluding unimportant details):

    A) On February 15, 2011, the United States District Court for the Western District of Arkansas received my motion to confirm an arbitration award. This award was obtained, not via an actual arbitration award, but from a forfeit victory clause in the contract that states that, if the Defendants - the University of Arkansas - do not accept my arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. Furthermore, the contract spoken of in the last sentence was entered into when the Defendant's attorney, acting in the course and scope of his employment with the Defendants, caused his physical likeness (specifically, his voice) to trespass into my apartment. See Documents #30, #31. and #32.

    B) On May 10, 2011, I filed a motion for summary judgment, arguing that the Defendants

RECEIVED
JUN 6 2011
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

never filed a motion to vacate, and, since the forfeit victory was obtained on February 5, 2011, that means that, by that time, the Defendants had lost all opportunity to combat the arbitration award at all. See Documents #49 and #50.

C) On May 19, 2011, The District Court, despite there being no language in the Federal Arbitration Act allowing the court to take virtually any arbitration-related action sua sponte, denied the motion to confirm the arbitration award, stating that he believed the motion to be "patently without merit." He even expressly stated that an objection was not necessary. See Document #53.

D) On May 24, 2011, the District Court received my motion for reconsideration. See Documents #54 and #55.

E) To this day, the motion for summary judgment and the motion for reconsideration have gone unruled on.

2. In compliance with FRAP Rule 5(b)(1)(B), I hereby present the following questions for review on this appeal:

A) Can a District Court refuse to confirm an arbitral award *sua sponte*?

B) Can a District Court refuse to confirm an arbitral award without a motion to vacate present (this is distinct from the first question because answering "no" to the first question still allows the District Court to deny a motion to confirm an arbitration award if the Defendants merely file a response in opposition, a motion to dismiss, or a responsive pleading)?

C) Can an offeree accept a contract by putting his or her physical likeness in the offeror's [rented or owned] property?

3. In compliance with FRAP Rule 5(b)(1)(C), I hereby request the following relief:

A) Reverse the District Court order specified in Document #53.

B) Remand to the District Court with instructions to enforce the arbitration award.

4. In compliance with FRAP Rule 5(b)(1)(D), I hereby submit the following argument for why this

appeal should be allowed.

A) This appeal is authorized by statute. See 9 U.S.C. § 16(a)(1)(D).

B) In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the United States Supreme Court laid out three criteria for whether or not an interlocutory appeal should be allowed. They are:

   i. the outcome of the case would be conclusively determined by the issue;

   ii. the matter appealed was collateral to the merits; and

   iii. the matter was effectively unreviewable if immediate appeal were not allowed.

C) Regarding the first criterion, the case would be closed if the District Court order were reversed.

D) In response to the second criterion, whether or not the arbitration award should be confirmed has nothing to do with whether or not the Defendants should be held liable for the legal disputes we were arbitrating.

E) In response to the third and final criterion, this matter is de facto (if not de jure) unreviewable if immediate appeal is not allowed. See *Southland Corp. v. Keating*, 465 U.S. 1 (1984), "For us to delay review of a... judicial decision denying enforcement of a contract to arbitrate until the... litigation has run its course would defeat the core purpose of a contract to arbitrate."

F) Furthermore, an appeal taken under 9 U.S.C. § 16(a) should be taken as a matter of right. See Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 729 n.9 (8th Cir. 2001), "the strong federal policy in favor of arbitration **requires** giving full effect to arbitration clauses, even where that might lead to piecemeal litigation." The word "required" is bolded for emphasis. The court is *required* to give full effect to arbitration clauses. This requires you to review a District Court order ruling that there is no arbitration clause.

5. Regarding FRAP Rule 5(b)(1)(E), I have attached the District Court order that I wish to appeal.

Wherefore, premises considered, I respectfully pray that this appeal be allowed.

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 11-_____

| | |
|---|---|
| **David Stebbins** ) | |
|     Appellant ) | |
| ) | |
| v. ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **University of Arkansas and** ) | **District of Arkansas** |
| **Dave Gearhart, in his official capacity as** ) | |
| **Chancellor of the University of Arkansas** ) | |
|     Appellees ) | |

## CERTIFICATE OF SERVICE

I, Appellant David Stebbins, hereby assert that a true and correct copy of my petition for leave to appeal an interlocutory order was served on Appellees by allowing them to view the Notice of Docket Activity on ECF as allowed by Local Rule 25B.

*/s/ David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com