United States Court of Appeals
FOR THE EIGHTH CIRCUIT

FILED
JUN 16 2011
MICHAEL GANS
CLERK OF COURT

No. 11- 8012

in re DAVID STEBBINS ) on Petition for Writs of Mandamus

# PETITION FOR WRIT OF MANDAMUS

Comes now *pro se* petitioner David Stebbins, who respectfully submits the following petition for writ a writ of mandamus to the United States Court of Appeals en banc.

1. There are four respondents in this case: The Honorable Diana Murphy (Hon. Murphy), the Honorable Michael Melloy (Hon. Melloy), the Honorable Raymond Gruender (Hon. Gruender), and the Honorable Steven Colloton (Hon. Colloton).

2. In compliance with FRAP Rule 21(a)(2)(B)(i), I seek the following relief:

    A) a writ of mandamus ordering the respondents to hear the appeals I have filed on on their merits, and

    B) a writ of prohibition to cease and desist their bad faith dismissals of my cases.

2. In compliance with FRAP Rule 21(a)(2)(B)(ii), I respectfully submit the following issues:

    A) The respondents acted completely outside their authority in dismissing the cases without hearing them on the merits.

3. In compliance with FRAP Rule 21(a)(2)(B)(iii), I respectfully submit the following facts necessary to understand the issue presented in the above paragraph.

    A) On the date of June 1, 2011, Hon. Murphy, Melloy, and Gruender dismissed two of

my cases sua sponte for lack of jurisdiction. No explanation was provided for their presumed lack of jurisdiction. The case numbers in those cases were 11-1966 and 11-1977.

B) On June 2, 2011, the court denied my motion in Case No. 11-1966 to reconsider their lack of jurisdiction. Again, no explanation was provided.

C) On June 9, 2011, the court denied my motion to clarify the dismissal in Case No. 11-1966. Again, no explanation was provided for the denial.

D) On the date of June 13, 2011, Hon. Murphy, Hon. Melloy, and Hon. Colloton denied my FRAP Rule 5 petition for permission to appeal in Case No. 11-8013, despite the appeal being taken as a matter of right.

4. Per FRAP Rule 21(a)(2)(B)(iv), I hereby submit the following explanation for why the relief specified in paragraph 2 of this petition.

A) The respondents' dismissals are frivolous and entirely without merit. 9 U.S.C. § 16(a)(1)(D) not only expressly gives the appellate court jurisdiction to hear appeals of district court orders denying confirmation of arbitration awards, but the section clearly demonstrates that said appeals are taken as a matter of right.

B) Regarding Case No. 11-8013, I admit that I filed a petition for permission to appeal, but that was only because two of these three justices had in the past stated that they lacked jurisdiction, but without any explanation, leading me to believe that I should have filed an interlocutory appeal, rather than a regular one. I was confused, and that is why I filed an interlocutory appeal. My confusion should be forgiven since it was directly caused by the Respondents' frivolous refusal to hear the appeals on the merits.

C) The fact that the respondents have refused to provide any explanation whatsoever for their dismissal, despite my numerous requests thereof, just goes to show that the dismissal were likely taken in bad faith.

D) The respondents in this petition committed a terrible abuse of their powers that should not go unchecked.

5. Regarding FRAP Rule 21(a)(2)(C), I will neglect to include the documents specified in the above paragraphs because, on May 4, 2011, I was given a clerk order instructing me that documents that were available on Pacer were not required to be included.

Wherefore, I respectfully pray that you grant the writs requested in paragraph 2 of this petition, award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 14th day of June, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com